# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 19-5327**

**September Term, 2020**
FILED ON: JANUARY 29, 2021

AKRON GENERAL MEDICAL CENTER,
           APPELLANT

v.

ALEX MICHAEL AZAR, II, SECRETARY OF HEALTH AND HUMAN SERVICES,
           APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-02137)

Before: TATEL and GARLAND[*], *Circuit Judge*s, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal from the United States District Court for the District of Columbia was considered on the record and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Akron General Medical Center ("Akron General") challenges the Provider Reimbursement Review Board's order dismissing in part and remanding in part its appeal of Medicare reimbursement amounts determined by its Medicare contractor. Akron General raises three issues. First, Akron General argues that the Board erroneously remanded its challenge of the contractor's calculation of the "SSI fraction," an adjustment factor for the overall reimbursement amount. The Board found that the challenge was subject to Centers for Medicare & Medicaid Services (CMS) Ruling 1498-R, which directed the Board to remand all pending SSI fraction-related claims to the contractor to apply a revised methodology. Second, Akron General argues that the Board dismissed its "DSH sub-issues" based on an unlawful regulation setting deadlines for adding issues to

---

[*] Judge Garland was a member of the panel at the time this case was argued but did not participate in the final disposition of the case.

pending appeals. Third, Akron General argues that the Board erroneously dismissed its "Medicaid eligible patient days" claim, which the Board found abandoned because Akron General had failed to discuss the issue in its final position paper, as required by a Board rule.

Akron General sought judicial review of the Board's decision in the district court. The district court found that it lacked jurisdiction to review the Board's order remanding the SSI fraction issue because the remand order was not a final agency order subject to judicial review under the Medicare statute. *See Akron General Medical Center v. Azar*, 414 F. Supp. 3d 73, 78–79 (D.D.C. 2019) (citing 42 U.S.C. § 1395oo(f)(1)). The district court then found that the Board had properly dismissed the remaining claims because Akron General failed to follow the Board's claims-processing rules, granting summary judgment in favor of the Board. *Id.* at 84. Our review is de novo. *See St. Luke's Hospital v. Sebelius*, 611 F.3d 900, 904 (D.C. Cir. 2010).

Central to Akron General's claims is the question whether the Board's decision and regulations unlawfully limit the Board's jurisdiction. Because the answer is no with respect to each claim, we affirm the district court's grant of summary judgment.

First, as the district court concluded, the Board's order remanding the SSI fraction issue was not a final agency order subject to judicial review because the Board had not yet reached the end of its decision-making process. *See National Ass'n of Home Builders v. Norton*, 415 F.3d 8, 13 (D.C. Cir. 2005) (to be considered a final agency order, "the action under review must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature" (internal quotation marks omitted)). In fact, the remand order marks the *beginning* of the agency's decision-making process, as it sends the claim back to the contractor to apply a new methodology. *See Meredith v. Federal Mine Safety & Health Review Commission*, 177 F.3d 1042, 1047 (D.C. Cir. 1999) (finding that an agency order remanding to the ALJ fell "outside the heartland of final action").

Attempting to sidestep this inconvenient fact, Akron General argues that this court should treat the Board's remand order relying on CMS Ruling 1498-R as a final order because the ruling unlawfully removed the Board's jurisdiction from cases that challenge the SSI fraction methodology. But viewed in its entirety, the ruling leaves the Board's jurisdiction undisturbed. It directs the Board to identify appeals to remand to Medicare contractors and explains that the Board retains jurisdiction over those same reimbursement appeals after recalculation. *See, e.g.*, CMS Ruling 1498–R, 2010 WL 3492477, at *14 (Apr. 28, 2010); *see also Empire Health Foundation v. Burwell*, 209 F. Supp. 3d 261, 269 (D.D.C. 2016) (explaining that CMS Ruling 1498-R, "[f]ar from being jurisdictional by peremptorily removing certain cases from the [Board's] purview entirely," is "more similar to a claim-processing rule that seeks to maximize administrative economy" (internal quotation marks omitted)). Although the ruling refers to the Board's jurisdiction, mere references to the word "jurisdiction"—a "'word of many, too many, meanings'" that is "often thrown around in a hapless manner"—are insufficient to transform a clear remand order into final agency action. *Empire Health*, 209 F. Supp. 3d at 268 (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90 (1998)).

As to the "DSH sub-issues" that it failed to raise until after the deadline to add new issues, Akron General argues that the regulation setting that deadline, Provider Reimbursement Determinations and Appeals, 73 Fed. Reg. 30,190 (May 23, 2008), unlawfully limits the Board's jurisdiction. But the regulation does no such thing. Although describing itself as "prescrib[ing]" the Board's authority, the regulation acknowledges that the Medicare statute defines the Board's jurisdiction but concludes that the statute "does not prevent [CMS] from limiting the period a provider has to add issues [on appeal]." *Id.* at 30,203–04. The Board's decision likewise described itself as a "decision regarding jurisdiction," but the rest of the decision makes clear that the Board dismissed the DSH sub-issues not because it lacked jurisdiction, but because "these issues were not properly added to the appeal" "prior to the October 20, 2008 deadline." May 14, 2015 Board Decision Letter at 3, 8, Joint Appendix 15, 20. The Medicare statute and regulations plainly allow the Board to do so. *See* 42 U.S.C. § 1395oo(e) (granting the Board "full power and authority to make rules and establish procedures . . . which are necessary or appropriate to carry out the provisions of this section"); 42 C.F.R. § 405.1868(b) ("If a provider fails to meet a filing deadline or other requirement established by the Board in a rule or order, the Board may . . . [d]ismiss the appeal with prejudice[.]").

Finally, the Board properly dismissed the "Medicaid eligible patient days" issue because Akron General failed to brief the issue on the merits as required by regulations. *See* Provider Reimbursement Review Board Rule 27 (Mar. 1, 2013), https://www.cms.gov/Regulations-and-Guidance/Review-Boards/PRRBReview/Downloads/PRRBRules_03_01_2013.pdf. Akron General argues that the Board's dismissal was a jurisdictional ruling, but the Board's decision is patently to the contrary: as the district court found, "the text of the Board's decision makes clear that it was not dismissing the Medicaid Eligible Patient Days issue on jurisdictional grounds— indeed, it was not addressing the jurisdictional arguments at all because Akron General had abandoned the Medicaid Eligible Patient Days issue altogether by failing to include that issue in its final position paper." *Akron General Medical Center*, 414 F. Supp. 3d at 82. As with the DSH sub-issues claim, the Board has authority to dismiss the claim for failing to meet a procedural requirement. *See* 42 C.F.R. § 405.1868(b).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk